IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TODD MOWERY,

          Plaintiff,

v.                            CIVIL ACTION NO. 2:11-cv-00050

LOGAN COUNTY BOARD OF EDUCATION, et al.

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motion to Dismiss [Docket 13] and Plaintiff's Motion to Amend Complaint [Docket 17]. For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED** and Plaintiff's Motion to Amend Complaint is **GRANTED**.

*I. BACKGROUND*

This action arises from events occurring while Plaintiff was a high school student in Logan County, West Virginia. Plaintiff alleges that Defendants discriminated against him as a homebound student and prohibited him from participating in extracurricular activities such as the senior party and senior graduation ceremony. Plaintiff was enrolled in the homebound program due to his diagnosis with Fabry's disease.

On January 24, 2011, Plaintiff filed his original complaint in this matter; the amended complaint was filed on April 18, 2011. Plaintiff has alleged seven causes of action in the amended complaint: (1) deprivation of civil rights in violation of 42 U.S.C. § 1983 and the equal protection clause of the U.S. Constitution; (2) violation of the Americans with Disabilities Act (ADA); (3)

violation of the Rehabilitation Act (RA); (4) violation of the West Virginia Human Rights Act (WVHRA); (5) intentional infliction of emotional distress; (6) negligence; and (7) negligent infliction of emotional distress. On April 4, 2011, Defendants filed their motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff responded to the motion on April 18, 2011, and also moved to file an amended complaint. Defendants then replied on April 25, 2011.

## II. PLAINTIFF'S MOTION TO AMEND

In Plaintiff's response to the motion to dismiss, he moved to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Docket 17 at 12.) Defendants did not oppose the motion in their reply. (Docket 18.) Rule 15(a)(1) permits a party to amend its complaint 21 days after serving it, or 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b). In all other cases, a party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The Fourth Circuit has interpreted Rule 15(a) to mean that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Sciolino v. Newport News, Va.*, 480 F.3d 642, 651 (4th Cir. 2007) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). As there is no apparent prejudice to Defendants, no allegations of bad faith, and the proposed amendment does not appear to be futile, the Court **GRANTS** Plaintiff's Motion to Amend Complaint [Docket 17].

### *III. MOTION TO DISMISS STANDARD*

A motion to dismiss for failure to state a claim is a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and tests the legal sufficiency of a complaint or pleading. Defendants' motion to dismiss must be evaluated under the pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8(a)(2) requires only that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Twombly* states that a well-pleaded complaint must aver "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A "plausible" claim cannot be supported by mere "labels and conclusions." *Id.* at 555. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and critical elements of a claim must be, at a minimum, "suggested by the facts," *id.* at 569. This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). In testing the sufficiency of the complaint, the Court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable inferences from those facts in the plaintiff's favor." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (all factual allegations in pleadings assumed to be true).

IV. DISCUSSION

A. *Statute of Limitations*

Defendants argue that Plaintiff's claims are time-barred by the statute of limitations. They assert that the relevant events occurred from 2005 to 2009, making the January 24, 2011, filing of the complaint past the two-year statute of limitations. Plaintiffs respond that the actions are not time- barred because of the continuing tort theory. In their reply, Defendants insist that the appropriate statute of limitations is a two-year period, and that any cause of action based upon events occurring prior to Plaintiff's eighteenth birthday on January 11, 2009, should be dismissed.

Because the ADA and RA do not contain statutes of limitations, courts use the most analogous state action to provide the limitations period. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985).[1] In determining the applicable statute of limitations, the court first selects the state statute most analogous to the federal claim, then considers whether application of that limitations period is consistent with the federal statute and its underlying policies. *Id.* at 266-68. As to both Plaintiff's RA and ADA claims, the most analogous West Virginia statute is the WVHRA. The WVHRA prohibits discrimination in employment, access to place of public accommodations, and housing. W. Va. Code § 5-11-2. Section 504 of the RA provides: "no otherwise qualified handicapped individual . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." Title II of the ADA provides: "no qualified individual with a disability

---

[1] 28 U.S.C. § 1658 provides a four-year federal limitations period for all federal causes of action that do not otherwise include a limitations period. However, because the causes of action created under the ADA and RA preceded the enactment of 28 U.S.C. § 1658, the analogous state limitations periods are used. *See R.R. ex rel. R. v. Fairfax Cnty. Sch. Bd.*, 338 F.3d 325, 329 (4th Cir. 2003).

shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. Because the policies under the WVHRA are similar to the protections provided under the RA and the ADA, the statute of limitations for the WVHRA is applicable to those claims. The statute of limitations for WVHRA claims is two years. *McCourt v. Oneida Coal Co.*, 425 S.E.2d 602, 606 (W. Va. 1992). Accordingly, the statute of limitations for Plaintiff's RA and ADA claims is also two years.

As to Plaintiff's § 1983 claim, the state statute of limitations for personal-injury torts applies. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citations omitted). West Virginia's general personal injury statute of limitations is two years. W. Va. Code § 55-2-12(b). Therefore, the statute of limitations for Plaintiff's § 1983 claim is two years. *See Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

Plaintiff's intentional infliction of emotional distress claim is also subject to the two-year statute of limitations under § 55-2-12(b). *Courtney v. Courtney*, 437 S.E.2d 436, 443 (W. Va. 1998). Similarly, Plaintiff's negligence claim is governed by a two-year statute of limitations. *Trafalgar House Constr., Inc., v. ZMM, Inc.*, 567 S.E.2d 294, 299 (W. Va. 2002). Finally, Plaintiff's negligent infliction of emotional distress is a personal injury claim governed by a two-year statute of limitations. *Bramer v. Dotson*, 437 S.E.2d 773, 775 (W. Va. 1993).

This action was filed on January 24, 2011, thus, unless some other rule or theory applies, Plaintiff's claims cannot be based on anything that occurred before January 24, 2009. Plaintiff attempts to use the continuing tort doctrine to reach back before January 24, 2009. The continuing tort doctrine states: "Where a tort involves a continuing or repeated injury, the cause of action

accrues at and the statute of limitations begins to run from the date of the last injury or when the tortious overt acts or omissions cease." *Roberts v. W. Va. Am. Water Co.*, 655 S.E.2d 119, 124 (W. Va. 2007). The court elaborated:

> [T]he distinguishing aspect of a continuing tort with respect to negligence actions is continuing tortious conduct, that is a continuing violation of a duty owed the person alleging injury, rather than continuing damages emanating from a discrete tortious act. It is the continuing misconduct which serves to toll the statute of limitations under the continuing tort doctrine.

*Id.* Similarly, the Fourth Circuit has said that to establish a continuing violation, "the plaintiff must establish that the unconstitutional or illegal act was a fixed and continuing practice." *A Society Without a Name v. Va.*, 655 F.3d 342, 348 (4th Cir. 2011) (quoting *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991)). "In other words, if the plaintiff can show that the illegal acts did not occur just once, but rather 'in a series of separate acts[,] and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation.'" *Id.*

The main allegation from Plaintiff's complaint concerns the May 8, 2009, senior party that Plaintiff was not allowed to attend. This is within the two-year statute of limitations. However, Plaintiff alleges in his complaint that he was prohibited from attending all extracurricular school activities beginning with his enrollment in Logan County High School in 2005. Plaintiff's allegations focus on a continuing course of conduct by Defendants. Plaintiff does not complain of the effects of a single harm that occurred in 2005, but a continuing violation where Defendants allegedly continued to discriminate against him. Accordingly, the Court finds that the continuing tort doctrine is potentially applicable. Claims that occurred before the two year statute of limitations period and that are related to later discrimination should not be dismissed at this juncture.

### B. *Individuals with Disabilities Education Act (IDEA) Count*

Defendants argue that Plaintiff failed to exhaust his administrative remedies under the IDEA prior to filing this action. Plaintiff asserts that his failure to request a due process hearing is not a bar to his complaint under the IDEA because the administrative process would have been futile and he was not given notice of the administrative process. He also concedes that he cannot recover damages or seek an injunction under the IDEA, but still has viable § 1983 claims.

Plaintiff's initial complaint contained a count entitled, "Violation of the Individuals with Disabilities Education Act." (Docket 1 at 4.) This count was removed under the amended complaint. Because Plaintiff removed his IDEA count in the amended complaint, there is no need to address whether Plaintiff has a viable IDEA claim. Accordingly, the motion to dismiss this count is **DENIED AS MOOT**.

### C. *ADA and RA Claims Against Individuals*

Defendants assert that the counts against Robert Lucas, Jan Hanlon, Charles McPeak, and Wilma Zigmond as individuals should be dismissed because neither the ADA nor the RA allows suits against individuals. Plaintiff agrees and has made the correction in the amended complaint. The ADA and RA counts only refer to Defendant Logan County Board of Education. Therefore, the motion to dismiss these counts is **DENIED AS MOOT**.

### D. *Injunctive Relief - Standing*

Defendants also move to dismiss the claims for injunctive relief because the Plaintiff lacks standing to sue. Plaintiff agrees and has removed the request for injunctive relief from the amended complaint. Hence, this motion is also **DENIED AS MOOT**.

### E. Section 1983

Plaintiff also alleges that Defendants violated 42 U.S.C. § 1983 when they discriminated against him based on his disability. Defendants argue that the "individual Defendants . . . are entitled to qualified immunity on the basis that the policy applied toward the Plaintiff was not discriminatory, and therefore his Constitutional rights were not violated." (Docket 14 at 9-10.) Plaintiff responds that he was discriminated against based upon his disability. Plaintiff amended the complaint, stating: "No rational basis exists to allow the defendants to bar [Plaintiff] from extracurricular activities." (Docket 17-1 at 5.)

"To state a claim under 42 U.S.C. § 1983, plaintiffs must allege facts suggesting that their federal rights have been violated by state officials." *Braun v. Maynard*, 652 F.3d 557, 560 (4th Cir. 2011). State officials have qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). There are three steps in analyzing whether qualified immunity exists: (1) determine whether the plaintiff has alleged a violation of a statutory or constitutional right; (2) assess whether the right at issue was clearly established at the time of the breach; and (3) determine whether a reasonable person in the official's position would have known that his actions violated that right. *Trulock v. Freeh*, 275 F.3d 391, 399-400 (4th Cir. 2001). The plaintiff bears the burden of proof as to the first step, thereafter the defendant bears the burden of proof to establish that they are entitled to qualified immunity. *Henry v. Purnell*, 501 F.3d 374, 377-78 (4th Cir. 2007).

The Court must determine whether, viewing the facts in the light most favorable to the plaintiff, the individual Defendants violated a constitutional right. Plaintiff alleges a violation under

§ 1983; he claims he was denied equal protection under the West Virginia and United States Constitutions when Defendants discriminated against him based on his disability. To allege an equal protection violation under § 1983, a plaintiff must first establish that "the differential treatment it was afforded was intentional, not the result of mere negligence." *C & H Co. v. Richardson*, 78 F. App'x 894, 902 (4th Cir. 2003). "The requisite intent is more than simple awareness of the course of action being taken. 'Discriminatory purpose . . . implies more than intent as volition or intent or awareness of consequences.'" *Id.* (quoting *Personal Adm'r v. Feeney*, 442 U.S. 256, 279 (1979)). Rather, discriminatory purpose "implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Id.* If a plaintiff makes the showing that he was intentionally discriminated against, then the court must "determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Morrison v. Garraghty*, 239 F.3d 648 (4th Cir. 2001) (citations omitted).

Plaintiff claims he was treated differently from other students in Logan County as he was not allowed to participate in extracurricular activities. He alleges that Defendants prevented him from participating because of his "inability to physically attend Logan County High School." (Docket 17-1 at 5.) He states that he was often told, "If you're too sick to come to school, you're too sick to attend these events." (*Id.*) Assuming Plaintiff's allegations are true, Plaintiff's complaint sufficiently alleges that Defendants intentionally discriminated against him by treating him differently than other students.

Having determined that Plaintiff's complaint alleges disparate treatment based upon intentional discrimination, the court must determine whether Plaintiff has alleged facts that, if found

9

to be true, would demonstrate that the disparate treatment lacks justification under the requisite level of scrutiny. Generally, state regulation or policies that do not pertain to a fundamental right or a suspect class are presumed to be valid. *Heller v. Doe*, 509 U.S. 312, 319 (1993).

> Such a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose . . . . [A] classification "must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."

*Id.* (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)) (citations omitted).

Plaintiff agrees that rational basis review is appropriate here and alleges in the complaint that "[n]o rational basis exists to allow [Defendants] to bar [Plaintiff] from extracurricular activities." (Docket 17-1 at 5.) Plaintiff claims that Defendants stated that the reasoning for preventing Plaintiff from participating in extracurricular activities was, "If you are too sick to attend school, you are too sick to attend extracurricular activities." At this point in the litigation, the Court is unable to make a final determination that the disparate treatment Plaintiff received was related to a legitimate purpose. However, viewing the facts in the light most favorable to the plaintiff, he has alleged enough facts to support an equal protection violation that survives under Rule 12(b)(6). Accordingly, it is unclear at this time whether the individual Defendants are entitled to qualified immunity. Therefore, the motion to dismiss the § 1983 count is **DENIED**.[2]

---

[2] West Virginia uses the federal approach in evaluating qualified immunity. Government officials have qualified immunity only when there is a violation of clearly established law. *Robinson v. Pack*, 679 S.E.2d 660, 665-66 (W. Va. 2009). Accordingly, there is not enough information at this time to determine whether Defendants have qualified immunity for Plaintiff's claim that he was denied equal protection under the West Virginia Constitution. Therefore, Defendants motion to dismiss the West Virginia equal protection claim based on qualified immunity is also **DENIED**.

> F.  *Intentional Infliction of Emotional Distress, Negligence, and Negligent Infliction of Emotional Distress Counts*

In West Virginia, to establish a claim for intentional infliction of emotional distress, a plaintiff must show:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 425 (W. Va. 1998). Plaintiff alleges that Defendants intentionally inflicted emotional distress when they barred him from entering his senior party and forced him to stand outside in the rain.

To pursue a negligence action, a plaintiff must prove "that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff." *Strahin v. Cleavenger*, 603 S.E.2d 197, 205 (W. Va. 2004). Plaintiff alleges that Defendants owed a duty to Plaintiff not to discriminate against him because of his disability; that Defendants breached that duty by prohibiting Plaintiff from participating in extracurricular activities; and that these actions caused Plaintiff physical, mental, and emotional distress.

To prove negligent infliction of emotional distress, a plaintiff is required to show (1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered serious emotional distress; and (3) that the defendant's negligent conduct was a cause of the serious emotional distress. *Stump v. Ashland, Inc.*, 499 S.E.2d 41, 46 (W. Va. 1997). "An individual may recover for the negligent infliction of emotional distress absent accompanying physical injury upon a showing of facts sufficient to guarantee that the emotional damages claim is not spurious." Syl. pt. 2, *Ricottilli v.*

*Summersville Mem'l Hosp.*, 425 S.E.2d 629 (W. Va. 1992). Plaintiff alleges: "it was reasonably foreseeable that prohibiting Plaintiff from attending extracurricular events based on Logan County School Board policy would cause damage to [P]laintiff." (Docket 17-1 at 11.) As mentioned above, Plaintiff alleges that he suffered emotional distress when he was forced to stand outside in the rain.

The Court finds that Plaintiff has alleged enough facts to state a cognizable claim for intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress. Therefore, the motion to dismiss these counts is **DENIED**.

In the motion to dismiss, Defendants argue that the individual Defendants are entitled to immunity as state officials for their discretionary acts. Under West Virginia law, qualified immunity is a defense to a claim of negligence against a state agency.

> In the absence of an insurance contract waiving the defense, the doctrine of qualified or official immunity bars a claim of mere negligence against a State agency not within the purview of the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va.Code § 29–12A–1, *et seq.*, and against an officer of that department acting within the scope of his or her employment, with respect to the discretionary judgments, decisions, and actions of the officer.

*Jarvis v. W. Va. State Police*, 711 S.E.2d 542, 551 (W.Va. 2010).

However, the Logan County Board of Education is within the purview of the Act. W. Va.Code § 29–12A–1 provides that the Act's purpose is to "limit liability of political subdivisions and provide immunity to political subdivisions in certain instances." A county board of education qualifies as a political subdivision under the act. W. Va.Code § 29–12A–3.[3] Therefore, an

---

[3] Because the Logan County Board of Education is a political subdivision, the immunity provisions of the Act limit the extent to which the Board and its employees may be held liable for their actions. Despite the limitations on liability, when a policy of insurance provides coverage for a political subdivision, the terms of the insurance contract determine the rights and responsibilities of the insurer and its insureds. *Bender v. Glendenning*, 632 S.E.2d 330, 335 (W. Va. 2006).

immunity analysis for negligence actions should be made on that basis, not under qualified immunity. Accordingly, Defendants' motion to dismiss these counts based on qualified immunity is **DENIED**.

### V.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend Complaint [Docket 17] is **GRANTED** and Defendants' Motion to Dismiss [Docket 13] is **DENIED.**

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  March 15, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE